

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*405 East 8th Avenue*          *(541) 465-6771*
*Eugene, OR 97401-2708*        *Fax: (541) 465-6917*

June 24, 2014

Marc Friedman
245 W. 13th Avenue
Attorney at Law
Eugene, OR 97401

    Re:    *United States v. Wayne Ratliff*
           Case No. 14-CR-00122-MC
           Plea Agreement Letter

Dear Mr. Friedman:

**1.**     **Parties/Scope:** This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

**2.**     **Charges:** Defendant agrees to plead guilty to count one of the information, which charges the crime of sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2).

**3.**     **Penalties:** The maximum sentence for sex trafficking of a minor is life in prison with a mandatory minimum sentence of 10 years in prison, a $250,000 fine, a term of supervised release of five years to life, and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

**4.**     **Elements:** Defendant understands that the elements for sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), are as follows:

    A. The defendant knowingly recruited, enticed, harbored, transported, provided or obtained a person that defendant knew, or recklessly disregarded after having had a reasonable opportunity to observe the person, was less than eighteen years old;

    B. The defendant knew that the person would be caused to engage in a commercial sex act;

    C. The defendant's act of recruiting, enticing, harboring, transporting, providing or obtaining was in or affecting interstate commerce.

U.S. v. Ratliff Plea Letter
Page 2

      Defendant admits that he committed the crime of sex trafficking of a minor as alleged in count 1 of the information as follows:

> On or about February 27, 2014, in the District of Oregon, defendant knowingly transported a juvenile female, (referred to hereafter as "AA"), to a hotel in Eugene, Oregon. Defendant, after having had a reasonable opportunity to observe AA, recklessly disregarded the fact that AA was a juvenile. Defendant transported AA to the hotel knowing that AA was going to the hotel to engage in a commercial sex act. In furtherance of the planned commercial sex act, on the way to the hotel, defendant stopped and purchased condoms for AA, and also allowed AA to use his cell phone to facilitate the meeting with the intended customer.

> Defendant also admits that on or about and between February 13, 2014 and February 27, 2014, defendant obtained hotel rooms for AA, allowed AA to use his digital device to post advertisements for sexual services, allowed AA to use his cellular telephone to communicate with individuals seeking to engage in commercial sex acts with AA, and that AA did in fact engage in commercial sex acts.

**5.** **Dismissal/No Prosecution:** The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this sex trafficking investigation, known to the USAO at the time of this agreement.

**6.** **Sentencing Factors:** The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

**7.** **Base Offense Level:** The parties agree that pursuant to United States Sentencing Guidelines (U.S.S.G.) § 2G1.3(a)(2) the base offense level for count 1 is level 30.

**8.** **Sentencing Enhancements:** The parties agree that defendant should receive the following enhancements: a two-level enhancement pursuant to U.S.S.G. § 2G1.3(b)(3)(B) for use of a computer or an interactive computer service and a two-level enhancement pursuant to U.S.S.G. § 2G1.3(b)(4) because the offense involved the commission of a sex act. The parties agree that following the sentencing enhancements, the offense level is 34.

**9.** **Mitigating Role Adjustment:** The parties agree that defendant is deserving of a mitigating role adjustment. Accordingly, pursuant to U.S.S.G. § 3B1.2, the parties will recommend that defendant receive a two-level reduction.

**10.** **Acceptance of Responsibility:** Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as

U.S. v. Ratliff Plea Letter
Page 3

explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

11. **Sentencing Recommendation:** The parties will recommend the low-end of the applicable guideline range determined by the Court.

12. **Additional Departures, Adjustments, or Variances:** The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments or variances to the advisory sentencing guideline range, or to seek a sentence below that range, except as specified in this agreement.

13. **Waiver of Appeal/Post-Conviction Relief:** So long as the Court does not sentence defendant to a term of incarceration that exceeds the statutory maximum, defendant agrees to waive all rights he would otherwise have to appeal his conviction or sentence on any ground whatsoever. Defendant also agrees not to file a *habeas* petition under 28 U.S.C. § 2255, or any other similar post conviction petition or motion, on any ground, except for ineffective assistance of counsel or retroactive amendments to the Guidelines. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal or on remand.

14. **Restitution:** Defendant agrees that the victim described in the information is entitled to restitution, including for the costs of any physical or mental treatment that occurred after and as a result of the commission of the offenses. Defendant stipulates and agrees to the entry of an order requiring the payment of full restitution. Included within the restitution order is any agency which is paying or previously paid for the cost of the treatment to the victim. The amount is immediately payable in full and due in an amount to be described by the government at sentencing. If defendant cannot pay the entire remaining balance at the time of sentencing, he agrees to minimum monthly payments to be determined by the court.

15. **Court Not Bound:** The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

16. **Asset Forfeiture:** By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 1954(d) and (e), including digital devices which were used or intended to be used to commit or promote the commission of the offense alleged in the information.

17. **Full Disclosure/Reservation of Rights:** The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

U.S. v. Ratliff Plea Letter
Page 4

**19.    Breach of Plea Agreement:** If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

**20.    Memorialization of Agreement:** No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea. By attaching it to his plea petition, defendant agrees that this agreement is to be considered by the Court and the Ninth Circuit Court of Appeals as part of his plea colloquy under Fed.R.Crim.P.11.

**21.    Deadline:** This plea offer expires if not accepted by July 7, 2014 at 5:00 p.m., and may be revoked at any time prior to entry of a guilty plea.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

JEFFREY S. SWEET
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

7/10/14
Date

WAYNE RATLIFF
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

7/10/14
Date

MARC FRIEDMAN
Attorney for Defendant